NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIN YU,<br><br>        Petitioner,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>        Respondent. | No.   16-72806<br><br>Agency No. A087-863-475<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026[**]
San Francisco, California

Before:  H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA,[***] District Judge.

    Xin Yu is a native and citizen of the People's Republic of China. He

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Hernan Diego Vera, United States District Judge for the Central District of California, sitting by designation.

dismissing an appeal from an order by an Immigration Judge ("IJ") (collectively, the "Agency") denying his application for asylum on the basis that Yu's testimony in support of his application was not credible.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA incorporates findings of the IJ and adds its own reasoning, we review both decisions. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review the Agency's credibility determination for substantial evidence. *See Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022).

Substantial evidence supports the Agency's adverse credibility determination, including its conclusion that Yu provided inconsistent testimony about where he was arrested, the harm that he experienced while detained, the date of his release, and the name of the police station where he was detained. Even assuming that Yu's explanations for the inconsistencies are "plausible," the Agency was under no obligation to accept the proffered explanations. *See Dong v. Garland*, 50 F.4th 1291, 1300–01 (9th Cir. 2022) ("[P]lausible explanations do not always compel credence."). And the Agency noted various inconsistencies in its decision that Yu failed to address. *Cf. Barseghyan*, 39 F.4th at 1143 ("[I]f the

---

[1] The Agency also denied Yu's applications for withholding of removal and protection under the Convention Against Torture, but Yu did not challenge the denial of those applications to the BIA or in this petition. He has therefore forfeited those claims. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

noncitizen does not provide a plausible explanation, or if the IJ reasonably rejects the proffered explanation, the IJ may rely on that inconsistency to make an adverse credibility determination."). Substantial evidence therefore supports the Agency's adverse credibility determination. *Cf. Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) ("In the end, petitioners carry a substantial burden to convince us to overturn a Board decision denying relief on credibility grounds, particularly when the Board has adopted multiple bases for its adverse credibility determination.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.